■ ANNE CANTWELL et al., Appellants, v. WILLIS RUSSELL et al., Respondents, et al., Defendant. (Action No. 1.) — Order entered July 10, 1967 insofar as it dismissed the complaint as to defendant Russell unanimously reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Judgment entered June 13, 1967 unanimously affirmed, without costs. Memorandum: At the close of the case of the plaintiffs the defendant Russell moved for a nonsuit on the ground plaintiffs had not proven a prima facie case. On the argument of the motion considerable discussion was had between counsel and the court as to whether the contents of the deposition of defendant Hedden taken by the plaintiffs could be used as substantive proof of negligence against the defendant Russell. The court rejected its use for that purpose and granted defendant Russell's motion dismissing plaintiffs' complaint. Following the granting of the nonsuit plaintiffs' attorney moved to reopen the plaintiffs' case to put the defendant Hedden on the stand and the court denied the motion. Under all the circumstances the plaintiffs should have been allowed to reopen for the purpose stated and the denial of the motion by plaintiffs Cantwell and McNamara constituted an improvident exercise of discretion by the trial court. (Appeal from judgment and order of Onondaga Trial Term dismissing complaint in automobile negligence action.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ JUDITH A. McNAMARA, Appellant, v. WILLIS RUSSELL et al., Respondents, et al., Defendant. (Action No. 2.) — Order entered July 10, 1967 insofar as it dismissed the complaint as to defendant Russell unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Judgment entered June 13, 1967 unanimously affirmed, without costs. Same Memorandum as in *Cantwell* v. *Russell* (30 A D 2d 767) decided concurrently herewith. (Appeal from judgment and order of Onondaga Trial Term dismissing complaint in automobile negligence action.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.

■ LORRAINE L. RYAN, as Administratrix of the Estate of JOHN J. RYAN, Deceased, Respondent-Appellant, v. NICHOLAS SAMARCO et al., Appellants-Respondents. — Amended judgment unanimously reversed on the law and facts and a new trial granted, with costs to appellants-respondents to abide the event, unless the plaintiff shall within 10 days stipulate to reduce the verdict to the sum of $200,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is affirmed, with costs to plaintiff. Order entered November 9, 1967 unanimously affirmed, without costs. Memorandum: Appellants contend that much speculative evidence was received upon the issue of the future earning power of plaintiff's intestate. We do not pass on this contention as the proof was received without objection by defendants' experienced trial counsel. The exception taken to the charge relating to this subject was a futile gesture inasmuch as the proof, as stated, had been previously received without objection. We conclude, however, that the amount of the verdict was excessive and in the exercise of a proper discretion reduce it to the sum of $200,000. (Appeal from amended judgment of Oneida Trial

Term in action for damages for wrongful death; also appeal from order granting motion to amend judgment.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.